ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CRIM. 287

UNITED STATES OF AMERICA

-v-

JOEL KATZ,
a/k/a "Bobo
Defendant.

SEALED INDICTMENT

08 Cr. ___

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ___
DATE FILED: 4/1/08

JUDGE SWAIN

COUNT ONE

(GAMBLING CONSPIRACY)

The Grand Jury charges:

BACKGROUND

1. At all times relevant to this Indictment, Carmen Cicalese operated a business in Costa Rica that provided services to sports bookies in New York and other places in the United States (the "Cicalese Wireroom" or "Wireroom"). The Cicalese Wireroom charged bookies a weekly fee of approximately $15 to $30 for each gambler a bookie registered with it. In return, registered gamblers were able to place bets on sporting events at odds set by the Cicalese Wireroom via a toll-free phone number and through various internet sites the Cicalese Wireroom maintained, including datawager.com and betwestsports.com.

2. The Cicalese Wireroom did not itself take an interest in the outcome of the wagers. The betwestsports.com website describes the operation as follows: "BetWestSports.com is an offshore data processing service that provides land-based sportbooks an offshore call center and accounting services. We

are NOT a Sportsbook. We do NOT take action ourselves nor pay out players. We field calls, record wagers and process results on behalf of land-based sportbooks. All money in your account, whether it be a positive or negative figure is between you and your sportbook. Your sportbook is given regular reports stating what your balance is. It is the responsibility of your sport book to pay and collect from you."

3. Bookies paid the fees owed to the Cicalese Wireroom to representatives of the Cicalese Wireroom in the United States who were responsible for collecting the money on behalf of the wireroom. These collectors - sometimes referred to among gambling organizations as "runners" - would in turn transfer the money back to the Cicalese Wireroom through various techniques. On some occasions, runners transferred money in the United States to representatives of the Cicalese Wireroom. On other occasions, runners transferred money to Costa Rica through the use of the Green Dot Financial Network ("Green Dot") which sells debit cards that allow any person with the cardholder's account information to draw against the value of the card at locations where Mastercard or Visa are accepted.

4. The Cicalese Wireroom serviced several hundred bookies, each of whom had numerous gambling customers registered with the Wireroom. One Wireroom runner alone ("Runner 1") received approximately $100,000 a month for the Wireroom from the

approximately 30 bookies from whom he was responsible for collecting. Through this arrangement, the Wireroom received millions of dollars in annual revenue each year.

5. JOEL KATZ, a/k/a "Bobo," the defendant, was a United States-based sports bookie who registered gamblers with the Cicalese Wireroom and paid fees for such gamblers to Runner 1.

**The Conspiracy**

6. From at least in or about 2005 until the present, in the Southern District of New York and elsewhere, JOEL KATZ, a/k/a "Bobo," the defendant, and others known and unknown, unlawfully, willfully and knowingly combined, conspired, confederated and agreed together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1955.

7. It was a part and an object of the conspiracy that JOEL KATZ, a/k/a "Bobo," the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, namely a business that engaged in and facilitated sports bookmaking, in violation of New York State Penal Law Sections 225.00 and 225.05, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which

business had been and had remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, in violation of Title 18, United States Code, Section 1955.

<u>Overt Acts</u>

8. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about December 17, 2005, JOEL KATZ, a/k/a "Bobo," the defendant, met with Runner 1 at a casino in Atlantic City, New Jersey and gave Runner 1 approximately $18,500 owed to the Wireroom.

b. On or about January 28, 2006, JOEL KATZ, a/k/a "Bobo," the defendant, met with Runner 1 at a casino in Atlantic City, New Jersey and gave Runner 1 approximately $20,000 owed to Wireroom.

c. On or about March 31, 2006, at approximately 1:30 p.m., Runner 1 had a phone conversation with a representative of the Cicalese Wireroom in which Runner 1 stated that during the previous week he had collected $11,500 that Katz owed to the Wireroom.

d. On or about May 7, 2005, a co-conspirator

not named as a defendant herein ("CC-1") met with Runner 1 in Manhattan, New York about money owed to the Wireroom.

(Title 18, United States Code, Section 371.)

**COUNT TWO**

(GAMBLING)

The Grand Jury further charges:

9. The Government repeats and re-alleges paragraphs one through five of the Indictment.

10. From at least in or about 2005, through the present, in the Southern District of New York and elsewhere, JOEL KATZ, a/k/a "Bobo," the defendant, did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, namely a business that facilitated and engaged in sports bookmaking, in violation of New York State Penal Law Sections 225.00 and 225.05, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day.

(Title 18, United States Code, Section 1955 and 2.)

**FORFEITURE ALLEGATION**

11. The allegations contained in Counts One and Two of this Indictment are repeated, realleged, and incorporated by

reference as though fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d), and Title 28, United States Code, Section 2461. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d), and Title 28, United States Code, Section 2461 in the event of the defendant's conviction under Count One or Count Two of this Indictment.

12. As the result of committing one or more of the gambling offenses in violation of 18 U.S.C. §§ 371 and 1955, alleged in Count One and Two of this Indictment, JOEL KATZ, a/k/a "Bobo," the defendant, shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 1955(d) and 28 U.S.C. § 2461, any property, including money used in the gambling offenses, and all property, real and personal, that constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. §§ 371 and 1955, including but not limited to the following:

a. At least $4,000,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the gambling offenses; and

Substitute Assets

13. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant(s)-

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the forfeitable property.

(Title 18, United States Code, Sections 371 and 1955, and Title 28, United States Code, Section 2461(c)).

FOREPERSON

MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**
**- v -**
**JOEL KATZ,**
a/k/a "Bobo,"
**Defendant.**

**INDICTMENT**

08 Cr. ____

18 U.S.C. §§ 371, 1955

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BIL**

______________________________
Foreperson.

04/01/08

INDICTMENT FILED. A/W ISSUED. ORDERED SEALED.

FOX, M.J.